```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KEVIN DWAYNE BARRETT,**

    **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:17CV30**
                                           (Judge Keeley)

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND REMANDING CASE TO COMMISSIONER [DKT. NO. 14]

On February 27, 2017, the plaintiff, Kevin Dwayne Barrett ("Barrett"), filed a complaint against the defendant, the Acting Commissioner of Social Security ("Commissioner") (Dkt. No. 1), seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Id. at 1. According to Barrett, the Commissioner's decision was "neither supported by substantial evidence nor based upon a correct application of the law." Id. at 2. The Commissioner answered the complaint and filed the administrative record on May 8, 2017 (Dkt. Nos. 6, 7).

Pursuant to 28 U.S.C. § 636 and the local rules, the matter was referred to the Honorable Michael J. Aloi, United States Magistrate Judge for initial review.

**BARRETT V. BERRYHILL**                                              1:17CV30

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND REMANDING CASE TO COMMISSIONER [DKT. NO. 14]

In his Report and Recommendation ("R&R") dated January 22, 2018, Magistrate Judge Aloi recommended that the Court grant Barrett's motion for summary judgment, deny the Commissioner's motion for summary judgment, vacate the Commissioner's decision, and remand the case for further proceedings (Dkt. No. 14). Upon careful consideration of the record, Magistrate Judge Aloi was unable to determine whether substantial evidence supported the denial of benefits by the Adminstrative Law Judge ("ALJ"). Id. at 37.

More specifically, Magistrate Judge Aloi recommended remand because information Barrett submitted to the Appeals Council, that is the opinion of his treating physician, was not part of the record before the ALJ.  That information was relevant because it addressed an evidentiary gap identified in the ALJ's decision. Id. at 36-37 (citing Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011)). Magistrate Judge Aloi concluded that, "as in Meyer, 'no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record'" and, therefore, recommended that the case be remanded for further fact finding. Id. at 37 (quoting Meyer, 662 F.3d at 707).

The R&R also informed the parties of their right to file any objections and further warned that failure to do so would result in waiver of the right to appeal. Id. Despite receipt of the R&R, neither party filed timely objections to the recommendation.

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made...and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Having received no objections to the R&R, the Court has no duty to conduct a de novo review of Magistrate Judge Aloi's findings. Furthermore, following a review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 14);

2) **GRANTS in PART** Barrett's Motion for Summary Judgment to the extent it requests remand for further proceedings and **DENIES as MOOT** his additional arguments (Dkt. No. 9);

3) **DENIES** the Commissioner's Motion for Summary Judgment (Dkt. No. 11);

4) **VACATES** the decision of the Commissioner under sentence four of 42 U.S.C. § 405(g); and

5) **REMANDS** this case to the Commissioner for further proceedings consistent with this decision.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of both orders to counsel of record.

Dated: March 5, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE